UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CASE NO. __1:22CV-135-GNS__

WILMA DIAN COX                                                                  PLAINTIFF

v.                         **NOTICE OF REMOVAL**

WALMART INC., WAL-MART STORES,
INC., WAL-MART STORES
EAST, LIMITED PARTNERSHIP, and
WAL-MART REAL ESTATE BUSINESS
TRUST                                                             DEFENDANTS

\* \* \* \* \*

Defendants, Walmart Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, Limited Partnership, and Wal-Mart Real Estate Business Trust (hereinafter collectively referred to as "Walmart"), by counsel, state as follows in support of their removal of this action:

1. There was an action commenced which is now pending in the Warren Circuit Court, Division II, Civil Action No. 22-CI-00812, in which the above-named Wilma Dian Cox is the Plaintiff and Walmart Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, Limited Partnership, and Wal-Mart Real Estate Business Trust are the Defendants. (*See* Plaintiff's Complaint, attached at Exhibit 1).

2. Walmart Inc. is incorporated in the state of Delaware and has its principal place of business in the state of Arkansas.[1] Accordingly, pursuant to 28 U.S.C. §1332(c), Walmart Inc. is a citizen of the states of Delaware and Arkansas. (*See* Affidavit of Counsel for Walmart, attached as Exhibit 2).

---

[1] Wal-Mart Stores, Inc. is inactive; it is not an active company with the Kentucky Secretary of State. To date, Wal-Mart Stores, Inc. has not been served in this action.

1

3. Wal-Mart Stores East, Limited Partnership has a general partner, WSE Management, LLC, and a limited partner, WSE Investment, LLC, both of which are Delaware limited liability companies whose sole member is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is now and was at the time of the commencement of this action and at all times pertinent hereto, a wholly owned subsidiary of Walmart Inc. Walmart Inc. is the only member of Wal-Mart Stores East, LLC. As stated above, Walmart Inc. is a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Arkansas. For these reasons, Wal-Mart Stores East, Limited Partnership is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen of the states of Delaware and Arkansas, and not a citizen of Kentucky. (*See* Exhibit 2).

4. Wal-Mart Real Estate Business Trust is a Delaware statutory trust of which the sole unit holder is Wal-Mart Property Co. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. For these reasons, Wal-Mart Real Estate Business Trust is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen of the states of Delaware and Arkansas, and not a citizen of Kentucky. (*See* Exhibit 2).

5. Plaintiff, Wilma Dian Cox, is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen and resident of the Commonwealth of Kentucky, and not a citizen or resident of Delaware or Arkansas. (*See* Exhibit 1).

6. This is a personal injury case. In Plaintiff's Complaint, Plaintiff claims she tripped and fell on a long green bar on the sidewalk of the Bowling Green Walmart in Bowling Green, Kentucky. (*See* Exhibit 1). As a result, Plaintiff claims she suffered injuries which caused her to sustain losses and damages by way of medical bills, pain and suffering, permanent impairment,

lost wages, and impairment to her power to earn money. Walmart could not ascertain whether this case was removable based solely on Plaintiff's Complaint.

7. On August 17, 2022, Walmart sent Plaintiff Requests for Admissions, one of which asked Plaintiff to admit that she would not "seek damages in excess of $75,000, exclusive of interest and costs, at the trial of this matter." (*See* Walmart's Request for Admissions, attached as Exhibit 3).

8. On September 15, 2022, Walmart received Plaintiff's Response to Walmart's Request for Admission in which Plaintiff stated, "Plaintiff states that she is without sufficient information or knowledge as to the complete amount of damages that she will seek in this matter. As such, [Plaintiff][2] **denies** Request for Admission No. 1." (*See* Plaintiff's Responses to Walmart's Request for Admission, attached as Exhibit 4) (emphasis added).

9. Based on the foregoing, Walmart has reason to believe that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (*See* Exhibit 2).

10. This action involves a controversy between citizens of different states, as the Plaintiff is a resident and citizen of Kentucky, while Walmart Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, Limited Partnership, and Wal-Mart Real Estate Business Trust are citizens of the states of Delaware and Arkansas. The United States District Court is given original jurisdiction in a case in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332; 28 U.S.C. § 1446.

---

[2] Plaintiff's Response to Request No. 1 erroneously states "As such, Defendant denies Request for Admission No. 1." For our purposes, Walmart assumes this is a scrivener's error.

11. This Notice is filed within thirty (30) days of Walmart's receipt of Plaintiff's Responses to Walmart's Requests for Admissions. Notice of Removal is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

12. Copies of all process, pleadings and orders served on Walmart as of the date of the filing of this Notice of Removal are attached hereto as Exhibit 5.

13. Written notice of the filing of this Notice of Removal and exhibits hereto were served upon Plaintiff's counsel via U.S. Mail on October 12, 2022.

WHEREFORE, Defendants, Walmart Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, Limited Partnership, and Wal-Mart Real Estate Business Trust, pray that they may effect the removal of this action from the Warren Circuit Court to this Court and for all other appropriate procedures.

Respectfully submitted,

*/s/M. Grant Grissom*
CHRISTOPHER R. CASHEN
Dinsmore & Shohl LLP
100 West Main Street, Suite 900
Lexington, KY 40507
Telephone: (859) 425-1000
Facsimile: (859) 425-1099
christopher.cashen@dinsmore.com

and

M. GRANT GRISSOM
Dinsmore & Shohl LLP
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
Telephone: (502) 540-2300
grant.grissom@dinsmore.com

*Counsel for Defendants, Walmart Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, Limited Partnership, and Wal-Mart Real Estate Business Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, on this the 12th day of October, 2022:

David F. Broderick
Brandon T. Murley
Broderick & Davenport, PLLC
921 College Street – Phoenix Place
P.O. Box 3100
Bowling Green, KY 42102-3100
*Counsel for Plaintiff*

*/s/ M. Grant Grissom*
Counsel for Defendants

23790717.1